# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Factor King, LLC, | ) |
| Plaintiff, | ) C.A. No.: 2:17-cv-1845-PMD |
| v. | ) **ORDER** |
| DooleyMack Constructors of South Carolina, LLC, | ) |
| Defendant. | ) |

This matter is before the Court on Defendant DooleyMack Constructors of South Carolina, LLC's partial motion to dismiss Plaintiff Factor King, LLC's breach of contract causes of action (ECF No. 6). For the reasons set forth herein, DooleyMack's motion is granted without prejudice.

## BACKGROUND

This action arises out of a factoring[1] arrangement between Factor King, non-party Industrial Machine & Fabrication, Inc., and DooleyMack. Factor King alleges that it purchased Industrial's accounts receivable, and that DooleyMack was the account debtor on those accounts receivable. Thus, after Factor King purchased Industrial's accounts receivable, DooleyMack was obligated to make payments to Factor King, rather than Industrial, for the services that Industrial provided to DooleyMack. Factor King alleges that it has three breach of contract causes of action against DooleyMack arising out of three separate estoppel agreements[2] that DooleyMack has

---

1. "'[F]actoring' in modern commercial practice is understood to refer to the purchase of accounts receivable from a business by a 'factor' who thereby assumes the risk of loss in return for some agreed discount." 32 Am. Jur. 2d *Factors and Commission Merchants* § 2 (2017). "Thus, a 'factor' buys accounts receivable at a discount, the factor's seller obtains immediate operating cash, and the factor profits when the face value of the account is collected." *Id.*

2. DooleyMack objects to using the term estoppel agreements and instead refers to them as Payment Verification Requests. The Court uses Factor King's term in light of the Court's obligation to view all facts in the light most favorable to the plaintiff.

breached by failing to make payments. DooleyMack disagrees, arguing that the estoppel agreements cannot constitute valid contracts because Factor King has not properly alleged that they were supported by consideration and that they were offered and accepted.

## PROCEDURAL HISTORY

DooleyMack filed its partial motion to dismiss on August 30, 2017, and Factor King responded on September 12. DooleyMack did not file a reply. Accordingly, this matter is ripe for consideration.

## LEGAL STANDARD

A motion to dismiss pursuant Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court articulated a "two-pronged approach" to test the sufficiency of a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the complaint must "contain factual allegations in addition to legal conclusions." *Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 288 (4th Cir. 2012). Under Rule 8's pleading standard, "a formulaic recitation of the elements of a cause of action will not do," *id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted), and "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice, *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Second, the complaint must "contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). More specifically, the complaint must demonstrate that the plaintiff's right to relief is more than a mere possibility, but it need not rise to the level of evincing a probability of success. *Id.* Accordingly, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When ruling on a Rule 12(b)(6) motion to dismiss, the trial judge must accept as true all of the facts alleged in the plaintiff's complaint and construe all reasonable inferences in favor of the plaintiff. *E.g.*, *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). The court must determine whether the allegations give rise to a plausible right to relief, *Iqbal*, 556 U.S. at 679; however, it should "not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments,'" *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Thus, although the court must accept a plaintiff's well-pleaded factual allegations as true for purposes of ruling on the motion, the complaint must nevertheless satisfy the "two-pronged" test articulated by the Supreme Court. *Iqbal*, 556 U.S. at 679.

## **DISCUSSION**

DooleyMack's motion is based on two separate theories: lack of consideration and lack of offer and acceptance. "The necessary elements of a contract are an offer, acceptance, and valuable

3

consideration." *Roberts v. Gaskins*, 486 S.E.2d 771, 773 (S.C. Ct. App. 1997) (citing *Carolina Amusement Co. v. Conn. Nat'l Life Ins. Co.*, 437 S.E.2d 122 (S.C. Ct. App. 1993)). "'Valuable consideration to support a contract may consist of some right, interest, profit or benefit accruing to one party, or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other.'" *Plantation A.D., LLC v. Gerald Builders of Conway, Inc.*, 687 S.E.2d 714, 718 (S.C. Ct. App. 2009) (quoting *Prestwick Golf Club, Inc. v. Prestwick Ltd. P'ship*, 503 S.E.2d 184, 186 (S.C. Ct. App. 1998)).

Factor King asserts that the estoppel agreements do contain consideration because Factor King "promised to provide financial accommodation keeping [DooleyMack's] contractor and employees on the job (from which it benefited and had value) and [Factor King] received the promise that [DooleyMack] would not assert payment defenses against it." (Pl.'s Mem. Opp'n Def.'s Partial Mot. Dismiss, ECF No. 9, at 3.) DooleyMack disagrees, stating that Factor King did not allege that the estoppel agreements were supported by consideration in its complaint, and that the estoppel agreements "do not confer any benefit on DooleyMack." (Def.'s Partial Mot. Dismiss, ECF No. 6, at 5.)

The Court agrees with DooleyMack that Factor King's complaint is devoid of the allegations that form the basis of Factor King's arguments regarding consideration. Specifically, Factor King does not allege in its complaint that the estoppel agreements are supported by consideration, nor does it allege how those agreements benefited DooleyMack. Instead, Factor King has argued those matters exclusively in its brief opposing DooleyMack's motion to dismiss. Because those matters are outside of the pleadings, and are also unsupported by any other evidence in a form such that the Court could convert this motion to a motion under Federal Rule of Civil

4

Procedure 12(d), the Court grants DooleyMack's partial motion to dismiss without prejudice.[3] *See Goode v. Central Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 624 (4th Cir. 2015) (stating that the Fourth Circuit lacks appellate jurisdiction when district court grants a motion to dismiss without prejudice for failure to plead sufficient facts in the complaint "because the plaintiff could amend the complaint to cure the pleading deficiency.")

## CONCLUSION

For the foregoing reasons, DooleyMack's partial motion to dismiss is **GRANTED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**November 2, 2017**
**Charleston, South Carolina**

---

[3] Because the Court concludes that Factor King has not sufficiently alleged consideration in its complaint, the Court need not address DooleyMack's offer and acceptance argument.